1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFERY L. CAMPBELL,

                Petitioner,

    v.

JAMES E. THATCHER,

                Respondent.

Case No.  C07-5315RBL

ORDER TO SHOW CAUSE

      This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Review of the petition shows petitioner to be challenging a sentence that expired in 1990 (Dkt. # 1, proposed petition, page 1). Further, petitioner indicates in the petition he has previously sought habeas corpus relief on this conviction (Dkt. # 1, proposed petition, page 7).

      Under 28 U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from a person in custody pursuant to the judgment of a state court. The custody requirement of the habeas corpus statute is designed to preserve the writ as a remedy for severe restraints on individual liberty. Hensley v. Municipal Court, San Jose Milpitas Judicial District, 411 U.S. 345, 351 (1973). The person must be in custody pursuant to the conviction or sentence under attack at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Here, it does not appear petition is in custody on the conviction he is challenging as the conviction expired in

ORDER
Page - 1

1990.

Petition also indicates he has previously filed a petition in federal court regarding this conviction. Before the District Court can consider claims in a second or successive application for writ of habeas corpus, a petitioner must obtain an order from the court of appeals authorizing the district court to consider a second or successive application. See, 28 U.S.C. §2244(b). 28 U.S.C. § 2244(b) provides as follows:

> (1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application

Petitioner does not show he has received permission from the Ninth Circuit to proceed with this petition. Petitioner is hereby **ORDERED TO SHOW CAUSE** why this petition should not be transferred to the Ninth Circuit and the file administratively closed. Petitioner shall also **SHOW CAUSE** why the petition should not be dismissed as petitioner does not appear to be in custody on this conviction.

A response is due on or before **July 27, 2007,** or the court will enter a Report and Recommendation that this action be either transferred to the Ninth Circuit or dismissed.

The Clerk is directed to mail a copy of this Order to petitioner and note the **July 27, 2007,** due date on the court's calendar.

DATED this 2 day of July, 2007.

>   /S/ *J. Kelley Arnold*
>   J. Kelley Arnold
>   United States Magistrate Judge

ORDER
Page - 2