UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFERY L. CAMPBELL,

    Petitioner,

    v.

JAMES THATCHER,

    Respondent.

Case No.  C07-5315RBL/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
May 16, 2008**

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Having considered the Respondent's motion to dismiss, (Dkt. # 29), Petitioner's motion for judgment in his favor, (Dkt. # 34), and the remaining record, the court concludes this action is time barred and should be **DISMISSED WITH PREJUDICE.** Petitioner's motion for judgement in his favor should be **DENIED.**

## FACTS

Petitioner does not dispute Respondent's facts and basis for custody as set forth in the motion to dismiss (Dkt # 29).  The facts are as follows:

    Mr. Campbell is confined pursuant to the lawful judgment and sentence of the

REPORT AND RECOMMENDATION
Page - 1

Kitsap County Superior Court, based on his conviction for Assault in the Second Degree. See Exhibit 1, Findings of Fact and Conclusions of Law and Order Deferring Sentence and Granting Probation, State v. Campbell, Kitsap County Superior Court Cause No. 80-1-000311-7; see also Exhibit 4, Parole Revocation Hearing: Findings and Conclusions, In re Campbell. The Board revoked Mr. Campbell's previously granted parole in the above Cause No. based upon his second degree assault conviction under Cause No. 85-1-00077-1 for his assault of three year old Michael Conrad, and ran his time consecutively on Cause No. 80-1-00311-7 to his second degree assault conviction under Cause No. 85-1-00077-1, resulting in a maximum term for his second degree assault conviction under Cause No. 80-1-00311-7 of June 17, 2012.

Mr. Campbell was previously confined on two other lawful judgments and sentences from that same court in Kitsap County Superior Court Cause Nos. C-2438 (Rape in the First Degree) and, as noted above, Cause No. 85-1-00077-1 (Assault in the Second Degree). See also Exhibit 2, Judgment and Sentence, State v. Campbell, Kitsap County Superior Court Cause No. C-2438 and Exhibit 3, Judgment and Sentence, State v. Campbell, Kitsap County Superior Court Cause No. 85-1-00077-1.

The Washington Court of Appeals summarized Mr. Campbell's state court convictions as follows:

> In 1976, petitioner was convicted of first degree rape under Kitsap County cause number C-2435. Response Ex. 1, Attach. A. The trial court imposed an indeterminate sentence with a maximum confinement of 20 years. Response Ex. 1, Attach. A.
>
> In 1980, petitioner was convicted of second degree assault under Kitsap County cause number 80-1-00077-1. *See* Response Ex. 1, Attach B; Attach. A (Criminal History Summary). The sentencing court imposed a five-year deferred sentence. *See* Response Ex. 1, Attach. B; Ex. 2, Attach A (Criminal History Summary).
>
> In May 1985, petitioner was convicted of second degree assault under Kitsap County cause number 85-1-00077-1. Response Ex. 1, Attach B. Petitioner's "presumptive sentencing range" for this offense was 15-20 months; the maximum term of confinement was 10 years. Response Ex. 1, Attach. B. The sentencing court imposed an exceptional sentence of 120 months. Response Ex. 1, Attach. B at 2, 4. The sentencing court ran this sentence consecutively to petitioner's 1976 and 1980 sentences. Response Ex. 1, Attach. B; *see also* Response Ex. 1, Attach. B (warrant of commitment).
>
> **The court also revoked petitioner's deferred sentence and probation on the 1980 conviction. Response Ex. 1, Attach. C. The sentencing court imposed a maximum sentence of 10 years to run consecutively to his 1976 and 1985 sentences. Response Ex. 1, Attach. C. The sentencing court further ordered that the sentences were to be served in the following order: (1) the 1976 sentence; (2) the 1985 sentence; and (3) the 1980 sentence. Response Ex. 1, Attach C.**
>
> In 2005, the Department of Corrections (DOC) assessed petitioner and determined that he was a candidate for placement in an out-of-state

REPORT AND RECOMMENDATION
Page - 2

> prison. Response Ex. 2, Attach. A. DOC then transferred petitioner to the Prairie Correctional Facility in Appleton, Minnesota. Response Ex. 2.
>
> Petitioner's sentences for the 1976 and 1985 convictions have expired, and petitioner is currently only restrained under the 1980 conviction. Response Ex. 1 at 2.
>
> Exhibit 17, Order Dismissing Petition and Denying Motion for Production of Documents, In re Campbell, Washington Court of Appeals Cause No. 34287-1-II, at 1-3.

(Dkt. # 29, pages 1 to 3(emphasis added)).

## DISCUSSION

A.   Time Bar.

A one year statute of limitations was imposed on habeas corpus petitions under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>    (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.§ 2244 (d).

Petitioner was sentenced prior to April 24, 1996. His one year time frame began to run on the date the law was signed. Petitioner had until April 24, 1997 to file his federal petition. The petition was not filed until June 25, 2007 (Dkt. # 1).

Petitioner did nothing that would have tolled the running of the statute between April of 1996 and April of 1997. In April of 2006 he filed a Personal Restraint Petition (Dkt # 29, Exhibit 8). The petition was dismissed in part because it was untimely under Washington State law (Dkt # 29,

REPORT AND RECOMMENDATION
Page - 3

Exhibit 12, page2).

This petition is time barred and should be dismissed pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure.

B.     Motion for judgment in petitioner's favor.

Petitioner notes that the order of service directed the respondent to file an answer (Dkt. # 34). He argues the failure to file an answer and the filing of a motion to dismiss instead, amounts to a non response (Dkt. # 34). Petitioner argues he is therefore entitled to judgment in his favor (Dkt. # 34). Petitioner is mistaken. Respondent has shown good cause for filing a motion to dismiss in lieu of an answer. The motion for judgment in petitioner's favor is without merit. Further, as the petition is time barred, the court should not consider the motion on the merits.

The parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 16, 2008**, as noted in the caption.

DATED this 17 day of April, 2008.


>                    */S/ J. Kelley Arnold*
>                    J. Kelley Arnold
>                    United States Magistrate Judge